## UNITED STATES *v.* LALONE *et al.*

*(Circuit Court, E. D. Wisconsin. December, 1890.)*

PENSIONS—ESTOPPEL—COMMISSIONER'S RULINGS.

The commissioner of pensions is not a judicial officer, and his rulings in granting a pension upon improper or fraudulent testimony do not estop the government from recovering back moneys paid thereunder.

At Law.

*Elihu Coleman,* for the United States.

*J. E. Malone* and *E. S. Bragg,* for defendant.

Before GRESHAM and JENKINS, JJ.

GRESHAM, J., *(orally.)* Joseph Lalone was mustered into the military service of the United States as a private soldier late in the summer or during the fall of 1864, and sent to the first Wisconsin Heavy Artillery, which was then stationed somewhere on the Potomac river, where he contracted ague. He was discharged in the summer of 1865, and went to his home in Wisconsin, still suffering from that disease. In 1888, on an application filed in 1880, Lalone obtained a pension on the ground that after his discharge he was paralyzed, the paralysis resulting from the ague contracted in the service. This suit was brought to recover money paid to Lalone as a pensioner, on the theory that the pension was obtained by fraud. The evidence shows that a year or more after his discharge Lalone was thrown or pitched from a wagon and injured, and subsequently became paralyzed; and the government insists that the paralysis resulted from that injury, and not from the disease which he contracted in the service.

We are satisfied, after fairly weighing the evidence, that this contention is correct. Several witnesses testified that they saw Lalone thrown from the wagon, and that he was injured thereby. It is claimed, however, that there was ill feeling existing between the Lalone family and those witnesses, growing out of a controversy in regard to the laying out of a highway. Lalone himself did not testify that there was any such ill feeling. His wife was the only witness who testified that there was

an unfriendly feeling between her husband and some of the government witnesses. We do not think the positive testimony of the persons who saw Lalone thrown from the wagon has been discredited. That accident reasonably accounts for the subsequent paralysis, while the defendant's theory as to the cause of his disability is highly improbable.

We have carefully considered the testimony of Dr. Halleck, one of Lalone's witnesses, and do not think it entitled to much weight. His statements indicate that he was strongly partisan, and willing to sustain the pension whether Lalone was entitled to it or not.

On the whole case, we are satisfied that the government has a preponderance of the evidence, that the pension was obtained fraudulently, and that the money paid on it should be recovered.

*General Bragg.* I should like the court to pass directly upon the proposition as to whether the government is not bound by the acts of its executive officers.

*The Court.* It is not. The commissioner of pensions is not a judicial officer, and his rulings do not conclude the government in a case like this. If he grants a pension upon improper or fraudulent testimony, and the government subsequently pays money on that pension, it may be recovered. It seems rather remarkable that a pension should be granted to a soldier for paralysis resulting from ague.